IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:97-CR-39-BO
No. 5:15-CV-679-BO

| | | |
|---|---|---|
| RODNEY EARL CANNADY, Petitioner, | ) ) ) | |
| v. | ) ) | O R D E R |
| UNITED STATES OF AMERICA, Respondent. | ) ) ) | |

This matter is before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [DE 211, 210] and the government's motion to dismiss [DE 216]. For the following reasons, the government's motion to dismiss is granted, and petitioner's § 2255 petition is dismissed.

## BACKGROUND

Petitioner pled guilty, pursuant to a written plea agreement, on May 5, 1997. [DE 40]. He was sentenced on December 3, 1997, for one count of conspiracy to manufacture, distribute, and possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846. Petitioner was sentenced to 144 months' imprisonment and five years' supervised release. [DE 92]. Petitioner did not appeal.

On November 9, 1998, the government moved for a reduction in petitioner's sentence. [DE 108]. As a result, petitioner was resentenced to 108 months. [DE 117]. Petitioner was eventually released from prison and put on supervised release. However, in April 2005, this Court granted a motion to revoke petitioner's supervised release and sentenced petitioner to 30 months' imprisonment. [DE 158]. Petitioner was released on May 30, 2006. [DE 89 of *United States v. Cannady*, No. 5:08-CR-258-D-1, hereinafter "Cannady II"].

On November 17, 2008, petitioner pled guilty before Judge James C. Dever to possession with intent to distribute 50 grams of cocaine base (crack) and a quantity of oxycodone, in violation of 21 U.S.C. § 841(a)(1). [Cannady II, DE 16, 17]. On March 25, 2009, Judge Dever sentenced petitioner to 384 months' imprisonment and five years of supervised release. [DE 25]. Petitioner challenged this judgment on appeal and collateral review but has not prevailed. [DE 37, 57, 64].

This matter comes before the Court on what was originally a motion pursuant to Federal Rule of Civil Procedure 60(b), filed by petitioner on May 6, 2015. [DE 211]. In June 2015, the Court notified petitioner of its intent to construe the motion as one for relief under 28 U.S.C. § 2255, as it directly attacked petitioner's conviction. *See United States v. Winestock*, 340 F.3d 200, 207 (4th Cir. 2003); [DE 199]. Petitioner did not respond. The Court thus considers the motion as one brought under § 2255.

## DISCUSSION

Federal Rule of Civil Procedure 12 authorizes dismissal for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1).

In this case, the pertinent statute states:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). In other words, this language "requires that a § 2255 petitioner be 'in custody' under the conviction or sentence under attack at the time his motion is filed." *Ekechuckwu v. United States*, 2012 WL 2127496, at *1 (W.D.N.C. June 7, 2012) (citing *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989) (discussing the "in custody" requirement as applied to 28

2

U.S.C. § 2254)); *see also Bernard v. Garraghty*, 934 F.2d 52, 53 (4th Cir. 1991) ("*Maleng v. Cook* ... held that a habeas corpus petitioner is not 'in custody' as to a challenged conviction when the sentence imposed for that conviction has fully expired at the time of filing the petition.").

*Maleng* also recognized that "although a petitioner is subject to the 'collateral consequences' of a prior conviction, such as a sentencing enhancement in connection with a subsequent offense, he 'suffers no present restraint from a conviction' and therefore is not in custody after fully serving his sentence." *Wilson v. Flaherty*, 689 F.3d 332, 336 (4th Cir. 2012) (quoting *Maleng*, 490 U.S. at 492). Accordingly, "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack on it." *Ekechuckwu*, 2012 WL 2127496 at *1 (quoting *Maleng*, 490 U.S. at 492). Courts have held this to apply with equal force to motions pursuant to § 2255. *See Custis v. United States*, 511 U.S. 485, 497 (1994) ("We later noted in *Parke* v. *Raley*, 506 U.S. 20, 121 L. Ed. 2d 391, 113 S. Ct. 517 (1992), that principles of finality associated with habeas corpus actions apply with at least equal force when a defendant seeks to attack a previous conviction used for sentencing."); *United States v. Esogbue*, 357 F.3d 532, 534 (5th Cir. 2004) ("*Maleng*'s analysis applies equally when a movant is no longer in federal custody for the purpose of § 2255 relief where the sentence imposed for that conviction has expired.").

Here, petitioner has not been "in custody" on the judgment in this case since May 2006, when he was released from incarceration following his revocation of supervised release. Petitioner is currently in custody under the sentence imposed by Judge Dever in an entirely

3

different case. Accordingly, per the statute and case law discussed above, this Court lacks jurisdiction to consider the instant motion, and it must be dismissed.

## Certificate of Appealability

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). As reasonable jurists would not find this Court's dismissal of petitioner's § 2255 motion debatable, a certificate of appealability is DENIED.

## CONCLUSION

For the above reasons, the government's motion to dismiss is GRANTED. [DE 216]. Petitioner's motion to vacate pursuant to 28 U.S.C. § 2255 is DISMISSED. [DE 211]. A certificate of appealability is DENIED.

SO ORDERED, this 31 day of August, 2016.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE