IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:97-CR-39-BO-5

| | |
|---|---|
| RODNEY EARL CANNADY,<br>        Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>        Respondent. | )<br>)<br>)    ORDER<br>)<br>)<br>)<br>) |

This cause comes before the Court on petitioner's motions under Rules 60(b) and 52(b) of the Federal Rules of Civil Procedure. [DE 226, 227]. The government has responded, [DE 235], and the matter is ripe for disposition. Petitioner has also filed motions for leave to file [DE 231, 232]. For the reasons discussed below, petitioner's motions are denied.

## BACKGROUND

Petitioner pled guilty, pursuant to a written plea agreement, on May 5, 1997. [DE 40]. He was sentenced on December 3, 1997, for one count of conspiracy to manufacture, distribute, and possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846. Petitioner was sentenced to 144 months' imprisonment and five years' supervised release. [DE 92]. Petitioner did not appeal.

On November 9, 1998, the government moved for a reduction in petitioner's sentence. [DE 108]. As a result, petitioner was resentenced to 108 months. [DE 117]. Petitioner was eventually released from prison and put on supervised release. However, in April 2005, this Court granted a motion to revoke petitioner's supervised release and sentenced petitioner to 30 months' imprisonment. [DE 158]. Petitioner was released on May 30, 2006. [DE 89 of *United States v. Cannady*, No. 5:08-CR-258-D-1, hereinafter "Cannady II").

On November 17, 2008, petitioner pled guilty before Chief Judge James C. Dever to

possession with intent to distribute 50 grams of cocaine base (crack) and a quantity of oxycodone, in violation of 21 U.S.C. § 841(a)(l). [Cannady II, DE 16, 17]. On March 25, 2009, Judge Dever sentenced petitioner to 384 months' imprisonment and five years of supervised release. [DE 25]. Petitioner challenged this judgment on appeal and collateral review but has not prevailed. [DE 37, 57, 64].

On May 6, 2015 petitioner filed what was originally a motion pursuant to Federal Rule of Civil Procedure 60(b). [DE 211]. In June 2015, the Court notified petitioner of its intent to construe the motion as one for relief under 28 U.S.C. § 2255, as it directly attacked petitioner's conviction. *See United States v. Winestock*, 340 F.3d 200, 207 (4th Cir. 2003); [DE 199]. Petitioner did not respond. The Court thus considered the motion as one brought under § 2255, and thereafter dismissed the motion for lack of subject matter jurisdiction because petitioner was no longer in custody for the sentence he was challenging. [DE 229].

On July 25, 2016, petitioner filed the instant motions under Rules 60(b) and 52(b). [DE 226, 227]. Through these motions, petitioner again challenges his conviction and sentence. The government responded, arguing that they should be denied as the Court is without jurisdiction to review them. [DE 235]. Petitioner also filed two motions for leave to file, one which challenges forfeiture of funds [DE 231] and one which seeking to raise a Rule 60(b) actual innocence claim. [DE 232].

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 provides that a second or successive § 2255 petition must be certified by a panel of the appropriate court of appeals to contain either "newly discovered evidence . . . or a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

2

28 U.S.C. § 2255(h)(1)–(2). Absent pre-filing authorization, this Court lacks jurisdiction to consider a second or successive petition. *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003).

The relief which defendant seeks in his three motions made under Rules 52 and 60 is that which would be provided by a successful motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Petitioner has previously filed a motion pursuant to 28 U.S.C. § 2255 which was denied. Therefore, these additional motions can be properly construed as second or successive § 2255 motions. *See Winestock*, 340 F.3d at 207 (In determing whether a motion should be construed as one under § 2255. "[t]here may be no infallible test . . . but a relatively straightforward guide is that a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application.").

Generally, a court must notify a petitioner before recharacterizing a motion as being subject to § 2255's requirements. *Castro v. United States*, 540 U.S. 375 (2003). However, this "notice before recharacterization" requirement does not apply to situations in which a petitioner has already had a previous § 2255 motion dismissed on the merits. *See United States v. Emmanuel*, 288 F.3d 644, 650 (4th Cir. 2002). Because these motions are together construed as a second § 2255 petition, and are therefore procedurally barred, notice to petitioner is not required and they are properly denied. *See also United States v. Brown*, 132 F. App'x 430, 431 (4th Cir. 2005) (unpublished).

In the alternative, assuming that the motions are not procedurally barred, the Court is nonetheless without jurisdiction to review these motions as petitioner is no longer in custody for the sentences is challenging. In this case, the pertinent statute states:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed

3

> in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). In other words, this language "requires that a § 2255 petitioner be 'in custody' under the conviction or sentence under attack at the time his motion is filed." *Ekechuckwu v. United States*, 2012 WL 2127496, at *1 (W.D.N.C. June 7, 2012) (citing *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989) (discussing the "in custody" requirement as applied to 28 U.S.C. § 2254)); *see also Bernard v. Garraghty*, 934 F.2d 52, 53 (4th Cir. 1991) ("*Maleng v. Cook* . . . held that a habeas corpus petitioner is not 'in custody' as to a challenged conviction when the sentence imposed for that conviction has fully expired at the time of filing the petition.").

*Maleng* also recognized that "although a petitioner is subject to the 'collateral consequences' of a prior conviction, such as a sentencing enhancement in connection with a subsequent offense, he 'suffers no present restraint from a conviction' and therefore is not in custody after fully serving his sentence." *Wilson v. Flaherty*, 689 F.3d 332, 336 (4th Cir. 2012) (quoting *Maleng*, 490 U.S. at 492). Accordingly, "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack on it." *Ekechuckwu*, 2012 WL 2127496 at *1 (quoting *Maleng*, 490 U.S. at 492). Courts have held this to apply with equal force to motions pursuant to § 2255. *See Custis v. United States*, 511 U.S. 485, 497 (1994) ("We later noted in *Parke v. Raley*, 506 U.S. 20, 121 L. Ed. 2d 391, 113 S. Ct. 517 (1992), that principles of finality associated with habeas corpus actions apply with at least equal force when a defendant seeks to attack a previous conviction used for sentencing.");

*United States v. Esogbue*, 357 F.3d 532, 534 (5th Cir. 2004) ("*Maleng*'s analysis applies equally when a movant is no longer in federal custody for the purpose of § 2255 relief where the sentence imposed for that conviction has expired.").

Here, petitioner has not been "in custody" on the judgment in this case since May 2006, when he was released from incarceration following his revocation of supervised release. Petitioner is currently in custody under the sentence imposed by Judge Dever in an entirely different case. Accordingly, this Court lacks jurisdiction to consider the instant motions made under Rules 52 and 60, and they must be denied.

Defendant also filed a motion challenging the forfeiture of $2,815 on the grounds that he did not receive adequate notice. [DE 231]. "Criminal forfeiture is part of a defendant's sentence," *United States v. Martin*, 662 F.3d 301, 306 (4th Cir. 2011), and "must be challenged on direct appeal or not at all." *Young v. United States*, 489 F.3d 313, 315 (7th Cir. 2007) (listing cases holding same); *see also United States v. Martinez-Mata*, No. 3:14-CV-10, 2014 WL 5430992, at *5–6 (E.D. Va. Oct. 24, 2014) (challenge to criminal forfeiture must be made on direct appeal or challenge is waived). Petitioner's only remedy to challenge forfeiture of his funds was on direct appeal. Because petitioner did not challenge the forfeiture on direct appeal, therefore, this challenge has been waived and petitioner's motion shall be denied.

## CONCLUSION

Accordingly, for the foregoing reasons, petitioner's motions under Rules 52 and 60 [DE 226, 227] and motions for leave to file [DE 231, 232] are DENIED.

SO ORDERED, this 15 day of May, 2017.

Terrence W. Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

5